UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:91-2094 |
| L. J. RINN, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is a Motion to Compel Defendants Bradley Rinn and Randy Tiemann to Respond to Post-Judgment Discovery (Dkt. No. 13) filed by McKenzie Banking Company ("Movant"), Assignee of Plaintiff Federal Deposit Insurance Company ("Plaintiff"). Defendants L.J. Rinn, Bradley Rinn, Randy Tiemann, and RR&T Cattle Co. ("Defendants") have responded to the motion. (Dkt. No. 15.)

### I. Background

The Court entered a default judgment against Defendants on June 1, 1992, on a promissory note claim brought by Plaintiff as receiver for a failed financial institution. Movant acquired the judgment by assignment in 1995. On July 22, 2002, Movant had a writ of execution issued in an attempt to revive the judgment. On April 26, 2012, Movant had another writ of execution issued, again attempting to revive the judgment.

On June 26, 2012, Movant served post-judgment interrogatories and requests for production on two of the defendants, Bradley Rinn ("Rinn") and Randy Tiemann ("Tiemann"). Rinn and Tiemann filed a written response to Movant's requests, whereby they refused to comply on the grounds that the judgment had become dormant. Movant now moves the Court to declare that the

1

1992 judgment is still in full force and to order Rinn and Tiemann to comply with the discovery requests.

**II. Legal Standard**

Rule 69 of the Federal Rules of Civil Procedure provides that procedures for execution and in aid of judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a).

> Under Texas law, there are two ways a judgment may become dormant:
>
> If a writ of execution is not issued within 10 years after the rendition of a judgment . . . , the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
> If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

TEX. CIV. PRAC. & REM. CODE § 34.001.

"A dormant judgment may be revived by *scire facias* or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE § 34.006.

*Scire facias* is the Latin term for a "writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." BLACK'S LAW DICTIONARY (9th ed. 2009). Writs of *scire facias* have been abolished under the Federal Rules; however, any relief otherwise available by such writ may be obtained by appropriate motion. FED. R. CIV. P. 81(b).

Section 34.006 does not define "an action of debt," and "Texas courts have rarely been called upon to determine if a particular proceeding was an action of debt." *In re Brints*, 227 B.R. 94, 97 (Bankr. N.D. Tex. 1998). However, Texas courts have found that a "new suit based on the

original judgment brought against the judgment debtors is an action on debt." *Id.* (citing *Burge v. Broussard*, 258 S.W. 502 (Tex. Civ. App.—Beaumont 1924, writ ref'd.); *Koenig v. Marti*, 103 S.W.2d 1023, (Tex. Civ. App.—Fort Worth 1937, writ dism'd.)). A motion to revive a judgment may also "satisfy[y] the 'action of debt' requirement of § 31.006." *Id.*

### III. Analysis

Defendants argue that the judgment in this case is void and dormant because more than ten years elapsed before Plaintiff/Movant obtained the initial writ of execution on July 22, 2002, and Movant has not sufficiently revived the judgment. The Court agrees. The record in this case shows that there was no writ of execution entered within 10 years after judgment was issued on June 1, 1992, and Movant has failed to present any evidence that a writ of execution was served on Defendants during that time. As such, the judgment became dormant on June 1, 2002. *See* TEX. CIV. PRAC. & REM. CODE § 34.001(a). Because Movant did not attempt to revive the judgment in accordance with TEX. CIV. PRAC. & REM. CODE § 34.006 within two years after the judgment became dormant, it can not attempt to do so now.

### IV. Conclusion

For the reasons set forth above, the Court finds that the judgment dated June 1, 1992 is **DORMANT** and therefore unenforceable. Accordingly, Movant's Motion to Compel Defendants Bradley Rinn and Randy Tiemann to Respond to Post-Judgment Discovery (Dkt. No. 13) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 4th day of September, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE